United States District Court
District of Connecticut
FILED AT HARTFORD

July 27 ,20 21

By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-20-1

UNITED STATES OF AMERICA

v.

MICHAEL DEFILIPPO

CRIMINAL NO. 3:21-cr-

VIOLATIONS:
18 U.S.C. § 241 (conspiracy against rights)
18 U.S.C. § 1028(a)(7) (identity theft)
52 U.S.C. § 20511(2)(A) (fraudulent registration)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy Against Rights)

#### The Defendant

1.    The defendant MICHAEL DEFILIPPO was a Bridgeport City Council member from 2018 through the date of this Indictment. DEFILIPPO represented the 133rd District, which is near the Sacred Heart University campus. In 2017 and 2018, DEFILIPPO and others attempted to and did fraudulently affect election results in his race for City Council, including by stealing and falsifying voter registration and absentee balloting documents, forging signatures, and submitting fraudulent election documents.

2.    At all relevant times, DEFILIPPO also owned rental properties that he leased to dozens of students attending Sacred Heart University in Fairfield. Three of DEFILIPPO's tenants were M.C., J.M., and E.N., whose identities are known to the Grand Jury and who are referred to herein by their initials.

DEFILIPPO's Campaign

3.     At all relevant times, Bridgeport, Connecticut's legislature consisted of a 20-member city council, with two council members from each of ten numerically designated city districts.  City council elections were held in each odd-numbered year.

4.     In 2017, DEFILIPPO ran for Bridgeport City Council in the 133rd District as a Democrat.

5.     In the Democratic primary race, DEFILIPPO and another candidate were endorsed by the Democratic Town Committee, while two other candidates ran unendorsed by the party.

6.     The first Democratic primary was held on September 12, 2017.  DEFILIPPO and the other endorsed candidate received the two highest vote totals, but the result was thrown out based on an irregularity involving an absentee ballot.

7.     The second Democratic primary was held on November 14, 2017.  DEFILIPPO and the other endorsed candidate received the two highest vote totals, but the result was once again thrown out based, in part, on an irregularity involving absentee ballots.

8.     The third Democratic primary was held on April 10, 2018.  DEFILIPPO and the other endorsed candidate received the two highest vote totals, and were therefore selected as the Democratic nominees.

9.     As a result of the repeated primaries, the general election was delayed until June 26, 2018.  DEFILIPPO and the other endorsed candidate were elected to the Bridgeport City Council from the 133rd District.

10.     DEFILIPPO was re-elected to the City Council in November 2019.

Voter Registration and Absentee Ballots

11.     At all relevant times, Connecticut voters became eligible to vote in all federal, state, and municipal elections by registering once.

12.     When registering to vote, a voter had the option to enroll in a political party.  Only voters enrolled in a particular party could vote in that party's primaries.  Thus, only a person registered to vote in the 133rd District and enrolled in the Democratic party was eligible to vote in the 133rd District's September 12, 2017, November 14, 2017, and April 10, 2018 Democratic primaries.

13.     Under Connecticut law, voters registered using a form prepared by the Connecticut Secretary of the State's Office.  These forms were often referred to as "Voter Registration Applications" or "VRAs."  VRAs contained the following statement: "WARNING: If you sign this statement even though you know it is untrue, you can be convicted and imprisoned…."

14.     Under certain circumstances, registered voters could qualify to vote by absentee ballot.

15.     In Bridgeport in 2017 and 2018, to obtain an absentee ballot, a voter submitted an application to the Town Clerk's Office before a particular primary or general election.

16.     Section IV of the Application for Absentee Ballot, entitled Statement of Applicant, read, "I the undersigned applicant believe that I am, or will be, eligible to vote at the election, primary or referendum indicated above and that I expect to be unable to appear at the polling place during the hours of voting for the reason below," followed by six possible qualifying reasons: (i) active service in the United States Armed Forces; (ii) absence from the town throughout voting hours; (iii) illness; (iv) religious observance; (v) working as an election official; or (vi) physical disability.

17.    Section VI of the Application for Absentee Ballot, entitled Applicant's Declaration, read, "I declare, under penalties of false statement in absentee balloting, that the above statements are true and correct, and that I am the applicant named above," followed by the applicant's signature.

18.    Section VII of the Application for Absentee Ballot, entitled Declaration of Providing Assistance, stated it was to be "[c]ompleted by any person who assists with completion of application," and read, "I sign this application under penalties of false statement in absentee balloting."

19.    Upon receiving a purportedly qualifying absentee ballot application, the Bridgeport Town Clerk's Office sent the voter certain absentee balloting documents prepared by the Secretary of State's Office under Connecticut law.    These absentee balloting documents included instructions, an absentee ballot for the specific primary or general election, an inner envelope, and an outer envelope.

20.    For their absentee ballot to be counted, the voter needed to complete a multi-step process.    First, the voter completed their absentee ballot.    Second, the voter sealed it the inner envelope.    Third, the voter signed and dated the inner envelope under the following printed statement:

> I hereby state under penalties of false statement in absentee balloting that I am eligible to vote at the election, primary or referendum in the municipality in which this absentee ballot is to be cast and that I expect to be unable to appear at my polling place during the hours of voting at such primary, election or referendum for one or more of the following reasons, (1) my active service in the armed forces; (2) my absence from the town in which I am eligible to vote during all of the hours of voting; (3) my illness or physical disability; (4) the tenets of my religion which forbid secular activity on the day of the primary, election or referendum; (5) my duties as a primary, election or referendum official.

Fourth, the voter sealed the inner envelope in the outer envelope listing the voter's name,

address, and information about the relevant contest.  Fifth, the voter arranged for the entire

package (outer envelope containing the inner envelope, which contained the ballot) to be

returned to the Town Clerk's Office either by mail or in person.

DEFILIPPO's Conspiracy

21.     From in or about 2017 through in or about 2018, in the District of Connecticut, the

defendant MICHAEL DEFILIPPO knowingly and intentionally conspired and agreed with others

known and unknown to the Grand Jury to injure and oppress voters in the free exercise and

enjoyment of the right secured by the Constitution and laws of the United States to vote in the

primaries and general election for Bridgeport City Council from the 133rd District, including by

stealing and falsifying voter registration and absentee balloting documents, forging signatures, and

returning fraudulent documents to the Bridgeport Town Clerk.

22.     The purpose of the conspiracy was to win DEFILIPO's election in the primaries

and general election for City Council through the deprivation of federal rights, and to conceal the

conspiracy from detection by election and law enforcement authorities.

23.     In furtherance of the conspiracy, DEFILIPPO and others acting in concert and at

his direction submitted false and fraudulent VRAs and absentee ballot documents in the name of

certain of DEFILIPPO's tenants in the 133rd District's 2017 and 2018 Democratic primaries and

the 2018 general election for City Council.

24.     DEFILIPPO caused certain of his tenants to register as Democratic voters in the

133rd District, including by assisting them in completing VRAs.

25.     To achieve the object of the conspiracy, in some instances, DEFILIPPO

fraudulently registered certain tenants to vote, including by secretly filling out a VRA on a tenant's

behalf or by altering a completed VRA to enroll the tenant in the Democratic party without the tenant's knowledge.

26.    Having caused them to register as Democrats in the 133rd District, DEFILIPPO also assisted certain of his tenants in applying for absentee ballots to vote in DEFILIPPO's City Council primaries and general election. To achieve the object of the conspiracy, in some instances, DEFILIPPO caused certain tenants to apply for absentee ballots, even though DEFILIPPO and those tenants knew they lacked a qualifying reason. In other instances, DEFILIPPO caused a tenant's signature to be forged on an absentee ballot application, or caused a completed application to be altered to include a false qualifying reason.

27.    Having caused them to apply for absentee ballots despite lacking a qualifying reason, DEFILIPPO caused certain of his tenants to vote via absentee ballot in DEFILIPPO's 2018 primary and general election.

28.    In other cases, DEFILIPPO stole, or caused to be stolen, tenants' ballots outright.

29.    In advance of the April 10, 2018 Democratic primary and the June 26, 2018 general election, DEFILIPPO and Unindicted Co-Conspirator-1 ("UCC-1"), an individual known to the Grand Jury, acted in concert to steal tenants' absentee ballots in order to complete and vote them without the knowledge of the tenants, depriving those tenants of the ability to exercise their right to vote and diluting the votes of all other voters in the 133rd District, thereby depriving voters of the right to fair and impartial elections.

30.    Specifically, on or about April 4, 2018, DEFILIPPO and UCC-1 stole M.C.'s, J.M.'s, and E.N.'s absentee ballot documents concerning the April 10, 2018 primary for City Council from the 133rd District before they were filled out. As agreed upon with and directed by DEFILIPPO, UCC-1 voted each of M.C.'s, J.M.'s, and E.N.'s absentee ballot in favor of

DEFILIPPO, falsified M.C.'s, J.M.'s, and E.N.'s signature on the inner envelope containing each voter's absentee ballot, sealed M.C.'s, J.M.'s, and E.N.'s inner envelope in the appropriate outer envelope, and mailed each voter's absentee ballot package to the Town Clerk, where each was received on or about April 9, 2018 at 3:41 p.m.

31.     Similarly, on or about June 22, 2018, DEFILIPPO and UCC-1 stole M.C.'s absentee ballot documents concerning the June 26, 2018 general election for City Council from the 133rd District before it was filled out.  At DEFILIPPO's request and direction, UCC-1 voted M.C.'s absentee ballot in favor of DEFILIPPO, falsified M.C.'s signature on the inner envelope containing that absentee ballot, sealed M.C.'s inner envelope in the outer envelope, and mailed M.C.'s absentee ballot package to the Town Clerk, where it was received on or about June 25, 2018 at 11:28 a.m.

All in violation of Title 18, United States Code, Section 241.

COUNTS TWO THROUGH FIVE<br>(Identity Theft)

32.     Paragraphs 1-31 are incorporated by reference.

33.     In connection with the 2017 and 2018 Democratic primaries and the 2018 general election for Bridgeport City Council from the 133rd District, in the District of Connecticut, the defendant MICHAEL DEFILIPPO knowingly transferred, possessed, and used, without lawful authority, means of identification of another person, to wit, the name, address, and signature necessary to submit absentee ballots in the name of M.C., J.M., and E.N., knowing that the means of identification belonged to another actual person, with the intent to commit, and to aid or abet, and in connection with, any unlawful activity that constitutes a violation of Federal law, to wit, conspiracy against rights under Title 18, United States Code, Section 241, and a felony under any applicable State law, to wit, false statement in absentee balloting in violation of Connecticut

General Statute § 9-359a, said means of identification being transported in the mail in the course of such transfer, possession, and use, each as set forth below constituting a separate count of this Indictment:

| Count | Actual Person | Date of Document | Means of Identification |
|---|---|---|---|
| 2 | M.C. | April 4, 2018 | M.C.'s falsified signature on inner envelope, in conjunction with M.C.'s name and street address on outer envelope, in order to return stolen absentee ballot in April 10, 2018 Democratic primary for City Council from the 133rd District |
| 3 | J.M. | April 4, 2018 | J.M.'s falsified signature on inner envelope, in conjunction with J.M.'s name and street address on outer envelope, in order to return stolen absentee ballot in April 10, 2018 Democratic primary for City Council from the 133rd District |
| 4 | E.N. | April 4, 2018 | E.N.'s falsified signature on inner envelope, in conjunction with E.N.'s name and street address on outer envelope, in order to return stolen absentee ballot in April 10, 2018 Democratic primary for City Council from the 133rd District |
| 5 | M.C. | June 22, 2018 | M.C.'s falsified signature on inner envelope, in conjunction with M.C.'s name and street address on outer envelope, in order to return stolen absentee ballot in June 26, 2018 general election for City Council from the 133rd District |

All in violation of Title 18, United States Code, Section 1028(a)(7) and (b)(2)(B).

## COUNT SIX THROUGH SIXTEEN
(Fraudulent Registration)

34.     Paragraphs 1-31 are incorporated by reference.

35.     The defendant MICHAEL DEFILIPPO, in the District of Connecticut, knowingly and willfully defrauded and attempted to defraud Bridgeport citizens in the 133rd District of fair and impartial 2017 and 2018 Democratic primaries and 2018 general election for City Council by procuring and submitting VRAs that he knew to be materially false, each false VRA set forth below constituting a separate count of this Indictment:

| Count | VRA Dated | Voter Initials | False Information Provided |
|-------|-----------|----------------|----------------------------|
| 6 | August 7, 2017 | J.C. | J.C. wished to enroll in the Democratic political party |
| 7 | August 18, 2017 | C.D. | C.D. wished to enroll in the Democratic political party |
| 8 | August 26, 2017 | K.B. | K.B. wished to enroll in the Democratic political party |
| 9 | August 27, 2017 | C.C. | C.C. wished to enroll in the Democratic political party |
| 10 | August 27, 2017 | B.M. | B.M. wished to enroll in the Democratic political party |
| 11 | August 27, 2017 | J.T. | J.T. wished to enroll in the Democratic political party |
| 12 | August 28, 2017 | M.C. | M.C. wished to enroll in the Democratic political party |
| 13 | August 28, 2017 | J.M. | J.M. wished to enroll in the Democratic political party |
| 14 | August 28, 2017 | M.R. | M.R. wished to enroll in the Democratic political party |

| Count | VRA Dated | Voter Initials | False Information Provided |
|-------|-----------|----------------|-----------------------------|
| 15 | October 29, 2017 | G.D. | G.D. wished to enroll in the Democratic political party |
| 16 | October 30, 2017 | J.S. | J.S.'s signature and J.S. wished to enroll in the Democratic political party |

All in violation of Title 52, United States Code, Section 20511(2)(A).

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY